# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

**Bobby E. Menard**

_____, Plaintiff

v.

**City of Lakewood**

**Lakewood Police Dept**

**Chief Daniel J. McCasky**

**mike Maesta**

_____, Defendant(s).

**Jury Trial requested:**
(please check one)
**X** Yes _____ No

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 01 2023

JEFFREY P. COLWELL
CLERK

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## PRISONER COMPLAINT

| NOTICE |
| --- |
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

"See Attached" Caption

5. Moises Arellano

6. John Doe Officer #1

7. Kory Lahue

8. Sarah Roellot

9. Owner (John/Jane Doe of ( squire Plaza )

10 Debra Jane Doe

Defendants

## A.     PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Bobby E Henard #01138778 Po Box 16700

(Name, prisoner identification number, and complete mailing address)

Golden, Co 80402

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

**X**    Pretrial detainee
___    Civilly committed detainee
___    Immigration detainee
___    Convicted and sentenced state prisoner
___    Convicted and sentenced federal prisoner
___    Other: (*Please explain*) _____

## B.     DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:  City of Lakewood "Municipal" Entity

(Name, job title, and complete mailing address)

_____

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? **X** Yes ___ No (*check one*).  Briefly explain:

Over Lakewood Police "Policies Custom Practices of DISCRIMINATION of Race 42 USC 1985 sec "DELIBERATE INDIFFERENCE" 14th Due Process

Defendant 1 is being sued in his/her ___ individual and/or **X** official capacity.

Defendant 2: Lakewood Police DepArtment
_(Name, job title, and complete mailing address)_
As "ENTITY" 445 SAllison PARkwAy, Co, 8022 LakeWood 80226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ___ No (*check one*). Briefly explain:

Sued As ENTITY UNDER Monell Claim For Failing to Protect, Due Process, DISCRIMINATION DELIBERATE INDIFFerence, ☒ BoHH

Defendant 2 is being sued in his/her ___ individual and/or ☒ official capacity.

Defendant 3: Chief Daniel J. McCasky Former Chief
_(Name, job title, and complete mailing address)_
445 S Allison PARKWAY Lakewood, Co 80226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ___ No (*check one*). Briefly explain:

Acting Police Chief over I.A. Covered Up A Complaint Against False Reports DISCRIMINATION, Due Process. DELIBERATE INDifferenCe, Both

Defendant 3 is being sued in his/her ☒ individual and/or ☒ official capacity.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

☒   42 U.S.C. § 1983 (state, county, and municipal defendants)

___   *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

☒   Other: (*please identify*) 42 USC § 1981, 1985 ₴ 1986 CONSPIRACY RACIAlly

3

6

Section "B" Defendants

4. Defendants Mike Maesta Lakewood Police Commander sued in IDIVIDUAL CAPACITY AND official Capacity" Under Color of State AND FEDERAL LAW." Address SAME AS of 5-8"

5, Moises Arellano police Lakewood sued IN INDIVIDUAL AND OFFICIAL CAPACITY (work)UNDER color OF STATE AND FEDERAL LAW

6. John Doe officer #1 Police Lakewood sued IN INDIVIDUAL AND OFFICIAL CAPACITY (work)UNDER Color OF STATE AND FeDeral Law

7. Kory Lahue Lakewood Police sued IN INDIVIDUAL AND OFFICIAL CAPACITY UNDer State AND Color of Federal Law. (work)

8. Sarah Poellot Police Lakewood Investigator sued IN individual AND Official CAPACITY (work)UNDer color of State and Federal Law All 5-8 Address 445 S. Allison ParkWAY Lakewood, Colorado 80226

9. OWNER John/Jane Doe Squire Plaza
10. Debra JANE Doe Property MANAger "9 AND 10" sued IN their Individual AND Official Capacity under Color of State AND Federal Law. Both 9-10 SAME ADDRESS AT 8533 W. Colfax, Lakewood, Co. "SQUIRE" PLAZA
" ( SEC. B. DEFENDANT'S )"

**D.    STATEMENT OF CLAIM(S).**

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Monell Failure to Protect, Train, Supervise

Claim one is asserted against these Defendant(s): MUNICIPALITY
CITY OF LAKEWOOD 14th Amendment

Supporting facts:

1. ON 2-28-21 Plaintiff Suffered being EVICTED During PANDemic. Due to the Lakewood Police, Actions where Policies And Widespread Custom Failure to TRAIN of the City of Lakewood.

2. City of Lakewood Policies And Practice of RACIAL DISCRIMINATION were Allowed AS A CUSTOM AGAINST BLACKS. Were Plaintiffs 911 Call WAS IMPROPERLY INVESTIGATED, DUE TO RACE, 14th And Failure To Protect.

4

## E.     PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? X Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form.  If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit.  Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):     HENARD v. GOVERNOR, HENARD v LAVINA HENARD v ALBERS, HENARD v CITY OF DEN

Docket number and court:     1.) 22-CV-01459 GPG, 3.) 1-21-CV-1888 GPG 2) 21-CV-03123-MDB  4.) LAVINA Don't Know

Claims raised:     "EXCESSIVE FORCE" DUE PROCESS DILIBERATE INDIFFERENT, RACIAL 14th DENIED EQUAL, FAILURE TO TRAIN

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)     GOVERNOR/HENARD DISMISSED AND LAVINA HENARD v ALBERS > STILL         REATING HENARD v CITY DEN PENDING

Reasons for dismissal, if dismissed:     DENIED ACCESS LAW LIBRARY COULDNT CURE DEFICIENCIES ON HENARD LAVINA, HENARD GOV

Result on appeal, if appealed:     DENIED 10th CIR, DENIED LAW LIBRARY OR ADA AID Don't Know Rest AGAINS JAIL

## F.     ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions.  See 42 U.S.C. § 1997e(a).  Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

X Yes ___ No (*check one*)     Filed Complaints To Police Lakewood, Governor,

Did you exhaust administrative remedies?     Mayor of golden, AND

___ Yes ___ No (*check one*)     TO D.A. of Lakewood, And I.A Dept.

Claim I. one Monell Violation

" Failed to Adequately train, Supervise, Con-trol and/or discipline Lakewood pol-ice As A "Entity". RACIAL MISCONDUCT OF Against African Americans. As I.A. of Lakewood Misconduct to Not Investigate, or Be Disciplined by A City OrdiNANce Board. Violated Plaintiffs Rights, As A WidespreaD Custom, Pract-ices of longstanding Covering Up Citizens Complaints And CriminAL Dealings Improperly Investigat-ed. Against Plaintiff's rights UNder "DELIBERATe INDIFFERENCE", "EQUAL PROTECTION", DUE PROCESS UNDER 14th AMENDMENT OF U.S.C. 1981, 1985, 1986

3. City of lakewood Failure to TRAIN Police, or MaNiFest proper INVESTIGATIONS on the Plaintiff's 2-28-21 Matter. Policies AND Wide-SpreaD Customs to Cover Up BIAS, RACIAL DISCRIMINATION. VioLATED ACT 42 USC §1981, 1985, 1986, DELIBERATE IND-IFFERENCE, DUE PROCESS. CAUSED HIM PHYSICAL INJury AND EMOTIONAL STRESS.

4. Plaintiff ON 2-28-21 Was EVICTeD DuriNg A PANDEMIC DUE TO lAKEWOOD PoliCE of DisregarDiNg 911 BurglAry Crime, City Allowing WIDESPreaD False REPORTS AS A PRACTICE.

-6-

5. Plaintiff on 2-28-21. Was Discrim-inated against by LakeWood Police Under City of Lakewood Authority And failing to assure TRAINING ON police Policies. And Customs that Led to the Illegal Eviction because Plaintiff Was Black IN RACE. 14th Amendment. "DELIBERATE INDIFERENT" 42 USC SEC 1985

6 City of lakewoods "failure to TRAIN" the Lakewood police on Social Relation to INVESTIGATE CRIMINAL MATTERS. Did Cause INJURY TO Plaintiff's Life for Not making Appropriate steps to fully INVESTIGATE A Burglary. Due to the Race of the Plaintiff being Black.

7. City of Lakewood Policies And Widespread Custom practices Allowing lakewooD police to fabricate And Deliberalely NOT Disclose pertinent facts IN Reports. TO BEING "UNTRAINED" DISCRIMINATED Due To Being of RACE Class OF "BLACK". When 911 Call for Burglary ON 2-28-21 Was Deem TO BE CIVIL IN Nature, But "Criminal". Violating 14th Amendment And Never Followed UP AS A CRIMINAL Action.

8. City of Lakewood "Failed to Stop a patteren of Lakewood Police Widespread Customs of Racial Discrimination Against African American Class of Citizens. As Plaintiff experianced on 2-28-21."

9. City of Lakewood As A Entity is Sued in their official Capacity Failing to Stop Lakewood Police. Racial Disparity of treatment. When Blacks call 911 for Criminal circumstances. With False Reports Made to Cover Up Criminal incidents As A Widespread full Custom Violating 14th Amendment.

10. Plaintiff's EQUAL Protective Rights And "Due Process" under 14th Amend-ment Was Violated. By City Not Stop-ing Lakewood Police Widespread Bias Treatment Against (Black) African Americans, being A "Custom Practice TO IGNORE 911 Criminal Matters As To Report "Civil in Nature". Which is Against Monell standards. 14th usc.

-8-

Claim II. 2 Monell Violation "Against City"
Lakewood Police Dept Sued As A Entity And
in the "Official Capacity" Allowing Full
Racial Bias Discriminatory practices. As
A Widespread Custom; For Cover Ups
And Fabricating Reports; Not
Following up Criminal Incident
of 2-28-21, Due To Plaintiffs
Face of Being Black. 42. U.S.C.
Section 1985 And 14th Amendment Vio-
-lations, Be "Deliberate Indifferent"

11.) Lakewood Police I. A. Dept and Chief
Daniel J. McCasky Were Notified About
2-28-21 Burglary of Plaintiffs #201
Apartment At 8533 W. Colfax Not At
All Investigated. With False Reports
Written By Defendant Moises Ar-
-ellano And John Doe #1 officer. Due
to Plaintiffs Race Being Black As
The Moving Force Factor And Wide-
-spread Custom, Violating 42. U.S.C
Sec 1985 and 14th Amendment Equal Protection.

12.) Lakewood I. A. Never Interviewed the
Plaintiff At All For Complaint 2022-IQ-0014.

-9-

13 Defendant Chief Daniel J. McCasky Was over All Affairs of Longstanding full Racial Discriminatory Customs, With Lakewood Police. Which Plaintiffs full Complaint of June 7, 2022 Response on 2-28-21 INCIDENT. Stated A INGU-IRY of the Events Were Completed. ON IQ #2022-IQ-0014 Action.

14. Defendant Daniel J. McCasky Allowed Improper Cover Up of I.A. to be Done on Plaintiffs Complaint. With "Policy AND WIDEspreaD CUSTOM" to Not Property INVESTIGATING A Racial Disparity Claim of CriminAL Matter BEING Called CiViL. Violates 42 USC Sec 1985 And 14th Amendment.

15. Defendant Mike Maesta, As CommanDer of Lakewood RESPONDED on 6-7-2022 No VioLations. When As A Widespread Custom AND Practice to Cover Up the Complaints for Black Victims, As Plaint-iff Was ON 2-28-21. 42 USC 1985 AND 14th Amendment Equal Protection Vio-"lations." DELIBERATE INDIFFERENCE" AGAINST THE CITY MONELL

16. Plaintiff Complaint of IQ-22-IQ-0014 AND 911 Call on 2-28-21. Request for Lakewood Services WAS Fully Deliberately DisRegarDED. Due To Plaintiff's Race As A On going Longstanding Custom AND practice Discrimination Against "Blacks" 42 U.S.C. §1985 14th Amendment Violations.

17. Defendant Chief Daniel J. McCasky WAS In Charge And Knew Blacks As the Plaintiff in Race Were Being Treated in A Unfair MANNER By White AND Mexican officers, As Plaintiff Was. With Nothing Done to Stop it, AND No proper "Policy ISSUED To Correct the Custom." 42 U.S.C. Sec 1985 14th Amendment Violation.

18. Plaintiff Suffers from emotional Stress And Was "Kicked out During A "PaNDeMic" On 2-28-21. Denied EQUAL RightS To Have Protections As A Victim of A Crime. With DANiel McCasky And Mike MAestas Allowing I.A. To Cover Up the MATTER of False Reports Made by Police."

- 11 -

Claim 3 III. "Failure to Protect"
"Failure to Investigate; Racial Discrimination;
Conspiracy to Not Report, Investigate
As to Arrest Culprits; And Document All
or Substantiate Material Facts of Burglary
matter as a custom. Subjected The
plaintiff rights to be VIOLATED. As of
14th Amendment "EQUAL PROTECTION";
Deliberate Indifferent; Due
Process 42 USC § 1981, § 1985, § 1986.

19 Defendants 2-28-21 Moises Arellano AND
John Doe Officer #1, Failed to Arrest, Cite
or Document "Unidentified Male" AND
Debra Jane, Doe." Making Unlawful En-
-tries In Plaintiff's Appartment. Looting,
Destroying Property; And Illegal
Eviction. Failed to Protect, Being Racially
Bias, Denying Their Duties As Law Enforce
- ment. 14th Amendment Violation 42, 1985 - 1986

20. Plaintiff Was Subjected to follow Up Chronolog-
-ical Act of Threats By Unidentified Male
And Being Evicted By Debra Jane Doe. Did
Cause Plaintiff to Be In Harm, As Made To
Self Defend Himself On 6-17-21. Being
Charged With Murder. Due To Lakewood
Moises Arellano, And John Doe Officer #1. Due to
Not forcing A "No Contact Order On 2-28-21.
Due Process 14th Amendment "Deliberate Indifferent.

-12-

21. Defendant Moises Arellano had
A prior INCIDENT with plaintiff
ON 5-16-20 where the matter WAS
reported As Civil Matter, "COVER UP."

22. Plaintiff ON 2-28-21 AdAmantly
informed 911 Dispatcher and the
Defendant Moises ArellANo A
DooR was UNlawfully Kicked
IN AND "A UNAutHorized
person culprit WAS inside His
Apartment Stealing, His Property."

23. Defendant Arellano, Moises And
John Doe Lakewood officeR failed
to secure the "Scene"; obtain the
NAmes of Suspect; Take Photo's
As Required of A "Burglary Inve-
-Stigation ON 2-28-21. As to All
Policies ON BURGLARY INCIDENTS.

24 Defendant Moises Arellano AND John Doe 1 Officer of Lakewood ON 2-28-21." Failed to "IDENTIFY" AM OF persons INSIDE Plaintiff's Apartment. Informing "Culprit" Unauthorized to be IN Apartment that HE could stay INSIDE the room Where Door Was Kicked IN.

25 plaintiff's objection to the Unidentified male staying IN His Apartment Approved by the Lakewood Police Defendants Moises Arellano AND John Doe #1 ON 2-28-21 Was Racially Motivated AND Not A practical standards for Law enforcement. Violating His Rights to Be Protected.

26. Defendant's Moises Arellano and John Doe police Of Lakewood. Was Informed the Unidentified person Kicked the Door IN At 8533 W. Colfax ON 2-28-21 Apartment #201. Was Stealing, And had No right to Be INSIDE THE Plaintiff's Apartment Which WAS Why 911 Was called. "Failure to Protect" v DELIBERATE INDIFFERENT?

-14-

27. Defendant Moises Arellano And John Doe police #1 ON 2-28-21 Failed to give "UNIDENTIFIED Male" A NO Contact order or Trespassing. For BEING INSIDE Plaintiffs Apartment With NO CONSENT. Failing to Protect Plaintiff's rights of 14th Amendment.

28. Defendant's Moises Arellano and John Doe officer #1 ON 2-28-21 Told the plaintiff to go INSIDE HIS Room, When Dealing with others who Were "Suspects to Burglary Call", As A White Girl, (2) TWO Black MAles That Were "Never IDENTIFIED", or Searched And INSIDE Apartment. Against law enforcement Policies.

29. Defendant's Moises Arellano And John Doe officer #1 Cover Up'ed pertinent Showings of A "Burglary" by Not "Securing Scene", TAKING PHOTO'S, Reporting Doors Kicked IN, AND Declaring matter As "CIVIL And Not CRIMINAL. Violating Plaintiff's 14th Amend. Due Process & DeLiBERATE INDIFFERENT."

-15-

30 Defendant's Moises Arellano; John Doe #1 officer; Kory laHue; And SaraH Poellot INTENTIONA- -LLY "**COVERED UP**;" they Discovered plaintiff's Keys missing in Burglary of 2-28-21 WAS IN Possession of DebrA JaNe Doe property MANAQeR. 14th

31 TO cover Up the Burglary of 2-28-21 All Lakewood police AS DeFeNDaNt's "INTENTIONALLY" Failed to Disclose INformation AS to Report "KeyS FouND"; Door's Kicked IN, or Suspects ID- -eNTiFieD, IN paragraph" (30)". 14th

32. **NO** Lakewood Policy to GoverN the proceDure's of A "Burglary" was Ever Followed By DefeNDaNt's of paragraph (30). To Cover Up their BiAs RAciAl CoNspiRAcy with DebrA JaNe Doe AS to ONLY **Evict** the **BLACK** TeNaNt AS plaintiff ON 2-28-21. 14th DUe Process & DELiBERATE INDiFFeReNce.

16

Claim IV. 4 Owner of Squire
Plaza "Failure to Supervise",
"Unlawful Eviction" As
Racially Motivated and Denied
Due process Notice; Equal
Protection Violation. 42 USC. §
1981, 1985 14th Amendment Violations

33. Owner of Squire Plaza was responsible
for plaintiff being "Unlawfully" Made
to Abandon His Apartment. Being
Unlawfully "DENIED" A Notice of
A Eviction on 2-28-21. Due to
being "Black" African American.

34. Plaintiff was Victimized on 2-28-21 by
A Burglar, Where Doors Were
Kicked IN Unlawfully INSIDE
AND OUTSIDE His Apartment
8533 W. Colfax, Apt # 201, Lakewood
Colorado, with A call to 911. "Being
A Criminal Act ONLY. With Debra Jane
Doe Doing A "Unlawful Entry & Eviction."

- 17 -

35. Defendant Owner of Squire Plaza of 8533 W. Colfax During A Pandemic 2-28-21 Allowed the Defendant Debra to Throw All plaintiff's property Out With Never A Eviction Notice Filed or Any Reports "Due Process" Violation Substantial AND Procedural 14th Amendment. "Deliberate Indifferent"

36. Defendant Owner of Squire Plaza John/Jane Doe Failed to Supervise Debra Jane Doe. As During Covid 19 Conditions ON Illegal Evictions. 14th Amendment "Due Process" Violations. 1981, 1985, 1986 42 U.S.C "Deliberate Indifferent"

37. Owner John/Jane Doe AND Debra Property Manager Were Racially "BIAS" As Of Only "Evicting" Plaintiff Out of His Apartment on 2-28-21. Without No Notice. For calling on His Apartment Being Burglarized AND Being BLACK AS IN RACE. 14th

38 Defendant Owner John Jane Doe of
Squire Plaza of 8533 W Colfax
Apartment #201 "Knew" Debra WAS
to be properly Supervised for
A Pandemic And Failed to Do
So. Causing injury to the Plain-
-tiff ON 2-28-21, And Emotional Stress.
DELIBERATE INDIFFERENT "4th Amendment Violation-

39 Defendant Owner John/Jane Doe
of Squire Plaza Failed to Supervise
Unlawful entries of culprits As
ON 2-28-21 Kicked IN Plaintiffs
Door, WAS Not IDentified by
Defendant Moises Arellano, Lake-
-Wood Police, "Causing Plaintiffs Eviction".

40. Defendant Owner John/Jane Doe
of Squire Plaza was Aware of the
2-28-21 Incident that Involved
the plaintiff's Unlawful Eviction. 4th/14th
EQUAL Rights" DELIBERATE INDIFFERENT"

-19-

41 Plaintiff's Rights of Being Racially Discriminated against on 2-28-21 And Evicted During A Pandemic of Covid. Due to being "BLACK" Was Violation of 42 USC. § 1981, 1985, 1986 Were Owner John/Jane Doe And Debra Jane Doe property Manager Conspired As Unlawful Eviction.

42. Defendant Property Owner of Squire Plaza And Debra Jane Doe Both Knew Plaintiff Signed A (6) Six Month Listing. Which A "Notice" Was stipulated of A "30" Day lease Prior EVICTION Notice Contract Agreed.

43. Plaintiff Paid A $600.00 Dollar Deposit, $350.00 Dollars for Rent As of 2-1-21 With A full Contract 30 Day prior Notice As if A Eviction Was Determined. Which Debra Jane Doe And Owner of Squire Plaza Violated on 2-28-21. 14th AMENDMENT VIOLATION.

Claim V. #5   14th AMENDMENT Conspiracy to Cover Up Unlawful Entry; Unlawful Eviction During A PANDemic of Covid 19; Racial Discrimination Violations of Due Process And 42. U.S.C. § 1981, 1985 and 1986 Acts

44. Plaintiff called 911 after Defendant's Moises Arellano and John Doe Officer #1, #1 of Lakewood left his Apartment Reporting "Unlawful" Entry of A Break in to 8533 W Colfax #201. Where "3" culprits were At his Door, After police left the 1st INCIDENT.

45. Plaintiff Reported to 911 Lakewood on property Manager Debra Jane Doe 2-28-21 Throwing His property out Unlawfully of His Apartment Which Defendant's Moises Arellano, John Doe Officer #1, Kory Lahue and Sarah Poellot were present, Conspired to Illegally Evict Plaintiff. 4th, 14th.

21

46 Defendant's Moises Arellano, John Doe Officer #1, Kory Lahue, And Sarah Poellot Covered Up pertinent facts of Criminal Acts of Burglary to the plaintiff's Apartment of 2-28-21. That "Debra" Jane Doe All Along hAD possession of the Keys Missing. Violating 42 U.S.C. §1981, 1985 And 1986 §14th

47. Defendant's Moises Arellano Never told the plaintiff on 2-28-21 He located His Keys, Or Did he state Debera Jane Doe, Told And Confirmed She possessed the Keys or HoW SHe got them, And WHeN? 14th

48. Plaintiff was Subjected to his Criminal 911 Call and INVESTIGATION OF A CRIMINAL BURGLARY BEING Denied. Due to BEING "BlACK", By MOISES Arellano AND All Police Involved ON 2-28-21. Decisions To Not At All Document "Keys FOUND", Door's Kicked IN to follow Up, As A "CRIMINAL INVESTIGATION Needed."

-22-

49. Defendant Debra And "All" of Lakewood Police on 2-28-21 Did A "Unlawful "Entry" going Inside plaintiff's Apartment. When " No Consent was given "AND He Was NOt Present. 14th And 4th violations

50. Defendant's Lakewood Police Moises Arellano, Kory Lahue, John Doe officer #1 And SarAH poellot, went "INSIDE" Plaintiff's Apartment. With "DebrA Jane Doe, " Without Consent", And Failed to Report Doors Kicked IN, or take Any photo's, "Unlawful Entry". 4th & 14th AMendment Violations. 2-28-21

51. Defendant Sarah Poellot on 2-28-21 Was a INVESTIGAtor of actions of A crime. Took No photo's of Any of the Doors Kicked IN At Plaintiff's Apartment #201  8533 W. Colfax As A CRIMINAL Burglary INVESTIGAtion. Due to Plaintiff Being "Black" 42 USC 1981, 1985, 1986 And 14th EQUAL Protection.

-23-

"Deliberately Disregarded the truth".

52. Defendant's LakeWood Police Were Called by plaintiff's Which Reporting Culprits As "Property Manager Debra Jane Doe," ILLEGALLY" Looting And Destroying His property While He Was ABSENT AND NOT At All Present ON-2-28-21. Which Moises Arellano Allowed. 4th, 14th

53. Plaintiff's Property As All inside his Apartment was TOTALLY TaKeN out ILLEGALLY By" DEBrA JANE Doe" Despite plaintiff's 911 Report. With LakewooD police "Failing To Protect His property. 4th And 14th

54. LakeWood Police Was "Present"; with Moises Arellano informing "DEBrA Jane Doe". Her Entry aND Destroying, Throwing out Plaintiff's property ON 2-28-21 WAS "ILLEGAL", AND THEY FaiLED to Stop Her, Arrest Her or Cite Her. VioLATINg PLAINTIFFS, 4th, 14th AmenD RIGHTS.

24

55. Defendant Debra Jane Doe on 2-28-21 Had the Keys to #201 plaintiff's Apartment And Did Inform Police Moises Arellano.

56. Defendant Debra Jane Doe on 2-28-21 Called Plaintiff's Phone And Stated," I'm THROWING All OF Your SHIT IN the TRASH!"NIGGER".

57. Plaintiff Called 911 Lakewood Police As to Report the "ILLEGAL" Acts of Unlawful Entry AND Debra Jane Doe entering Apartment #201 Destroying property ON 2-28-21.

58. Plaintiff's Property Was All Destroy--ed, Taken AND Unlawfully given AWAY without His Consent by Debra Jane Doe Actions 4th,14th.

25

59. Plaintiff lived IN Apartment #201 with A White Male and A Mex-ican on 2-28-21 "Being the only one" Illegally Evicted by DebrA Jane Doe." 4th and 14th Violation

60 Defendant Owner of Squire Plaza John/Jane Doe of 2-28-21 Allowed unlawful Eviction DURING A full PanDemic State of Emergency, by the Defendant DebrA Jane Doe Actions. 4th and 14th Violations

61 Defendant DebrA Jane Doe on 2-28-21 Knew Plaintiff was Black African American IN Race And "Only Decided to Immediately Evict Him without Notice." Being Equal Prot-ection, Discrimination Violations.

-26-

62. Defendant Moises Arellano on 2-28-21 was informed by the Defendant Debra Jane Doe. That she had "Plaintiff's Keys All the time. But, Never put Truth of it in any of His Reports A act of Total Disregard of Significant Facts.

63. Debra Jane Doe Property Man- -ager of 8533 W Colfax on 2-28-21 Never informed Plaintiff She possessed his #201 Apartment Keys that were Missing, Maliciously!

64. Defendant's Moises and Debra Jane Doe on 2-28-21 Conspired to "Cover Up" That She had All the "Keys" for No Criminal Investigation Would ever take place or put in Reports. to "Illegally Evict" Plaintiff 4th, 14th

27

"NEED ATTORNEY" "(CAPACITY)"

**G.  REQUEST FOR RELIEF**  MONELL CITY AS ENTITY OFFICAL

*State the relief you are requesting or what you want the court to do: If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."* Plaintiff SEEK DECLATORY MONETARY/COMPENSATIVE MONEY FROM CITY UNDER MONELL LAKEWOOD OF VALUE 1,000,000,000.00 1 ONE MILLION DOLLARS, AS OF TO INJURY BEING EVICTED DURING COVID, FAILURE TO TRAIN, DELIBERATE INDIFFERENT, DUE PROCESS VIOLA-TION, WITH $500,000.00 DOLLAR PUNITIVE FOR THE EMOTIONAL STRESS. LAKEWOOD POLICE AS CITY IN FULL OFFICIAL CAPACITY FOR 1,000,000,000, 1 ONE MILLION DOLLARS COMPENSATORY AND SAME $500,000.00 DOLLARS PUNITIVE DAMAGES. WITH All POLICE DEFENDANTS SUED INDIVIDUALLY, FOR $300,000.00 DOLLARS IN THEIR INDIVIDUAL CAPACITY,$100,000.00 INDIVIDUALLY COMPENSATORY $50,000.00 PUNITIVE 5-8 (9-10) SQUIRE PLAZA OWNER INDIVIDUALLY FOR

**H.  PLAINTIFF'S SIGNATURE** DEBRA JANE DOE A PIECE Both > $200,000.00 DOLLARS,"OFFICAL" $500,000 EACH

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621. PUNITIVE COMPENSATORY

All ATTORNEY FEES PAID ASWELL

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

1-20-23 B/d
_____
(Date)

(Form Revised December 2017)

6

-28-